**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 03-4619**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DEWAYNE ANTONIO PARRIS, a/k/a D.A.,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of Virginia, at Abingdon. James P. Jones, District Judge. (CR-02-11)

_____

Submitted: April 21, 2004          Decided: October 1, 2004

_____

Before LUTTIG, KING, and DUNCAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Peter R. Roane, Charlottesville, Virginia, for Appellant. John L. Brownlee, United States Attorney, Eric M. Hurt, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Dewayne Antonio Parris was convicted of conspiracy to possess with intent to distribute more than fifty grams of cocaine base (Count II), in violation of 21 U.S.C. § 846 (2000); possession with intent to distribute more than fifty grams of cocaine base (Count III), in violation of 21 U.S.C. § 841(a) (2000); possession and discharge of a firearm in relation to a drug trafficking crime (Count IV), in violation of 18 U.S.C. § 924(c) (2000); and unlawful possession of a firearm while being an unlawful user of a controlled substance (Count V), in violation of 18 U.S.C. §§ 922(g)(1), 922(g)(3) (2000). These charges arose from his participation in a drug trafficking scheme.

On appeal, Parris contends that there was insufficient evidence to support his conviction for violating § 924(c) and § 922(g), and thus, the district court erred in denying his motion for judgment of acquittal on these counts.

This court reviews the district court's decision to deny a motion for judgment of acquittal de novo. United States v. Gallimore, 247 F.3d 134, 136 (4th Cir. 2001). Where, as here, the motion was based on insufficient evidence, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). This Court "ha[s] defined 'substantial evidence,' in the context of a criminal action, as

- 2 -

that evidence which 'a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" <u>United States v. Newsome</u>, 322 F.3d 328, 333 (4th Cir. 2003) (quoting <u>United States v. Burgos</u>, 94 F.3d 849, 862-63 (4th Cir. 1996) (en banc)). This Court does not review the credibility of the witnesses and assumes that the jury resolved all contradictions in the testimony in favor of the Government. <u>United States v. Romer</u>, 148 F.3d 359, 364 (4th Cir. 1998).

Parris first alleges that the evidence was insufficient to prove that he possessed a firearm in furtherance of a drug trafficking scheme, in violation of § 924(c). In establishing a violation of § 924(c), the Government is required to prove beyond a reasonable doubt that the firearm "furthered, advanced, or helped forward a drug trafficking crime." <u>United States v. Lomax</u>, 293 F.3d 701, 705 (4th Cir.), <u>cert. denied</u>, 537 U.S. 1031 (2002). Viewing the evidence in the light most favorable to the Government, and assuming the jury resolved all contradictions in favor of the Government, we conclude that the evidence was sufficient to establish that Parris possessed a firearm in furtherance of a drug trafficking scheme, in violation of § 924(c). <u>Glasser</u>, 315 U.S. at 80; <u>Romer</u>, 148 F.3d 359, 364; <u>Lomax</u>, 293 F.3d at 705.

Parris also contends that the evidence was insufficient to prove that he was an unlawful drug user, rendering his firearm

possession a violation of § 922(g)(3). In order to sustain a conviction under § 922(g)(3), the Government must prove that the Defendant's drug use was sufficiently consistent, "prolonged," and close in time to his gun possession to put him on notice that he qualified as an unlawful user of drugs under the statute. United States v. Purdy, 264 F.3d 809, 812 (9th Cir. 2001) (recognizing that statute may not encompass a defendant whose illegal drug use was "infrequent" or in the "distant past"); see also United States v. Jackson, 280 F.3d 403, 406 (4th Cir. 2002) (finding that firearm possession and drug use need not be simultaneous). Viewing the evidence in the light most favorable to the Government, and assuming the jury resolved all contradictions in favor of the Government, we conclude that the evidence was sufficient to establish that Parris was an unlawful user at the time he possessed the firearm. Glasser, 315 U.S. at 80; Romer, 148 F.3d 359, 364; Jackson, 280 F.3d at 406.[1]

Accordingly, we find no error in the district court's denial of Parris' motion for judgment of acquittal on both counts, Gallimore, 247 F.3d at 136, and we affirm Parris' conviction and

_____

[1]We note that the Fifth Circuit decision relied on by Parris was vacated by that court's grant of en banc rehearing. See United States v. Herrera, 289 F.3d 311 (5th Cir.), vacated by, 313 F.3d 882 (5th Cir. 2002) (en banc), cert. denied, 537 U.S. 1242 (2003); see generally Byrne v. Butler, 845 F.2d 501, 507 (5th Cir. 1988) (recognizing circuit rule that grant of en banc rehearing vacates panel opinion).

sentence.[2]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[2]On July 23, 2004, Parris filed a motion for leave to file a supplemental brief addressing the effect of Blakely v. Washington, 124 S. Ct. 2531 (2004), on his sentence.  We grant this motion.  We deem the motion to be the supplemental brief, and we conclude that the Blakely claim is without merit.  See United States v. Hammoud, No. 03-4253, 2004 WL 1730309 (4th Cir. Aug. 2, 2004) (order), petition for cert. filed, ___ U.S.L.W. ___ (U.S. Aug. 6, 2004) (No. 04-193), and ___ F.3d ___, 2004 WL 2005622 (4th Cir. Sept. 8, 2004).