**UNITED STATES of America,
Plaintiff,**

v.

**Greg Roy GROVER, Defendant.**

**No. 1:04CR00175–PGC.**

United States District Court,
D. Utah,
Northern Division.

April 8, 2005.

---

David F. Backman, Esq., U.S. Attorney's Office, Provo, UT, for Plaintiff.

Vanessa M. Ramos–Smith, Esq., Utah Federal Defender Office, Salt Lake City, UT, for Defendant.

MEMORANDUM DECISION DEFINING "UNLAWFUL USER" AS USED IN 18 U.S.C. § 922(g)(3).

CASSELL, District Judge.

Defendant Gregory Roy Grover has been charged with violating 18 U.S.C.

§ 922(g)(3), which prohibits possession of a firearm by an unlawful user of or person addicted to a controlled substance. In order to clarify the allegation against him, Mr. Grover has moved this court for a pretrial ruling on the definition of the term "unlawful user" as used in the statute. The Tenth Circuit has effectively defined "unlawful user" in its most recent decision discussing § 922(g)(3), *United States v. Bennett*.[1] Consistent with the Tenth Circuit's decision in *Bennett*, this court holds that an unlawful user of any controlled substance, for purposes of 18 U.S.C. § 922(g)(3), is an individual who regularly and unlawfully uses any controlled substance over an extended period of time that is contemporaneous with the possession of a firearm.

## DISCUSSION

18 U.S.C. § 922 enumerates a list of crimes related to the possession of firearms. In relevant part, § 922 criminalizes the possession of firearms by persons who abuse controlled substances:

(g) It shall be unlawful for any person—

. . . . .

(3) who is an *unlawful user* of or addicted to any controlled substance (as defined in section 102 of the Controlled Substance Act (21 U.S.C. 801));

. . . . .

To ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign com-

---

1. 329 F.3d 769 (10th Cir.2003).

merce.[2]

Although 18 U.S.C. § 921 defines "firearm," "ammunition," and "interstate or foreign commerce," it does not define the phrases "unlawful user of" or "addicted to."[3] Mr. Grover has asked this court for a pretrial ruling to clarify the meaning of these phrases.

█ In order to define these words, this court must first decide whether the phrases "unlawful user of" and "addicted to" are separately definable or whether they are part and parcel of a single definition of persons prohibited from possessing firearms. Stated differently, this court must decide whether the word "or" in § 922(g)(3) indicates that the terms are joined disjunctively or indicates that the terms are synonyms of one another. There is no presumptive preference for either interpretation because, at least with regards to other statutory texts, "[t]he Supreme Court has adopted both uses of the word 'or' depending on the circumstances of the surrounding text."[4] This court follows the guidance of the Tenth Circuit, which reached the issue in *United States v. Bennett*, finding that the phrases "unlawful user of" and "addicted to," as used in § 922(g)(3), are joined disjunctively, "implying each has a separate meaning."[5]

Although *Bennett* did not discuss why the phrase "unlawful user of" and "addicted to," could not be read as expressing synonymous terms, it unambiguously concluded that the terms were joined disjunctively. Therefore, in accordance with *Bennett*, this court finds that the phrase "unlawful user of" is separate and distinct from the phrase "addicted to." From an intuitive standpoint, this makes sense, because a person could be a user of controlled substances without being addicted to them. Likewise it is possible for a person to be addicted to controlled substances even when not a user of them; for instance, an individual may remain addicted to a controlled substance even when that substance is not available for him to use.

Notwithstanding the Tenth Circuit's ruling that the structure of § 922(g)(3) is disjunctive (that is, that the phrases "unlawful user of" and "addicted to" are separately definable), Mr. Grover advances the argument that "[g]iven the conjunction of the terms, the law impliedly presumes the definition of an 'addict' as a substitute in the absence of a definition for 'unlawful user.'"[6] By implication, Mr. Grover contends that Congress did not define "unlawful user," under 18 U.S.C. § 922(g)(3), because it had already defined the apparently synonymous term "addict" in 21 U.S.C. § 802(1). That definition is: "[t]he term 'addict' means any individual who habitually uses any narcotic drug so as to endanger the public morals, health, safety, or welfare, or who is so far addicted to the use of narcotic drugs as to have lost the power of self-control with reference to his

---

2.  18 U.S.C. 922(g) (2004) (emphasis added).

3.  *See* 18 U.S.C. § 921 (2004).

4.  *See e.g., United States v. Herrera,* 313 F.3d 882, 890–91 (2002) (en banc) (DeMoss, J. dissenting), *cert. denied,* 537 U.S. 1242, 123 S.Ct. 1375, 155 L.Ed.2d 213 (2003).

5.  *Bennett,* 329 F.3d at 776 ("The words 'unlawful user of or addicted to any controlled substance' are written in the disjunctive, implying each has a separate meaning.").

6.  Memorandum in Support of Motion for Pretrial Ruling on Definition of "Unlawful User" at 2 (emphasis added).

addiction." [7] Although Mr. Grover does not go so far as to claim that an "unlawful user" is synonymous with an "addict," his argument seems to imply that. In a similar vein, others have argued that Congress intended the phrase "unlawful user of," as found in § 922(g)(3), to be synonymous with, rather than joined disjunctively to, the phrase "addicted to." [8] Proponents of this interpretation argue, by implication, that Congress's deliberate omission of a definition for "unlawful user" evinces its intent that the phrase "unlawful user of" be synonymous with "addicted to" because Congress had already defined "addict," and presumably would not leave "unlawful user" undefined unless it intended those terms to be synonymous. Therefore, under this interpretation, a defendant would not be an unlawful user of a controlled substance under 18 U.S.C. § 922(g)(3) unless the defendant met the statutory definition of "addict" under 21 U.S.C. § 802(1).

In essence, this is the reasoning that the defendant in *Bennett* urged the Tenth Circuit to adopt. On appeal, Bennett argued that the district court erred by not defining the phrase "unlawful user of" to be the same as "addicted to," and then argued that he was "not an 'addict,' as defined under 21 U.S.C. § 802(1), because he used methamphetamine and marijuana rather than narcotic drugs." [9] In effect, this reasoning imputes the definition of "addict" first to the phrase "addicted to" and then derivatively to the phrase "unlawful user

of." The Tenth Circuit recognized this tacit assumption in Bennett's argument, but declined to decide whether. the definition of "addict" is synonymous with the phrase "addicted to any controlled substance," rejecting the equation of an "unlawful user" to an "addict" instead because of the disjunctive construction of the phrase "unlawful user of or addicted to any controlled substance," making any statutory relationship between "addict" and "addicted to" irrelevant. [10]

■ Although these various arguments for interpreting § 922(g)(3) to cover only a single class of persons are appealing for their simple result—equating the undefined term "unlawful user" with the already defined term "addict"—they nonetheless rest on a faulty premise. The Title 21 definition of "addict" should not be imputed to the Title 18 phrase "addicted to." To impute the definition of "addict" under 21 U.S.C. § 802 to the phrase "addicted to" in 18 U.S.C. § 922(g)(3) would render that phrase contradictory to the remainder of the provision. The definition of "addict" is limited only to an "individual who habitually uses *any narcotic drug.*" [11] However, § 922(g)(3) extends to persons who use *"any controlled substance"* [12] and narcotic drugs are only a subset of controlled substances. [13] Thus, if the definition of "addict" were imputed to the phrase "addicted to"—and, by implication, if "addicted to" were synonymous with "unlawful user of"—then § 922(g)(3) would be applicable only to users of narcotic drugs, despite the

---

7.  21 U.S.C. § 802(1) (2004).

8.  *See e.g., Herrera,* 313 F.3d at 890–91 (en banc) (DeMoss, J. dissenting).

9.  *Bennett,* 329 F.3d at 776.

10.  *Id.*

11.  21 U.S.C. § 802(1) (emphasis added).

12.  18 U.S.C. § 922(g)(3) (emphasis added).

13.  *Compare* 21 U.S.C. § 802(17) (defining the term "narcotic drug"), *with* § 802(6) (defining the term "controlled substance").

express language of the statute that extends more broadly. Instead, the phrase "addicted to" should be accorded its common, everyday meaning and should not be interpreted so as to restrict the apparent scope of criminal liability that Congress expressly intended.

As mentioned, Mr. Grover does not expressly ask this court to find the phrases in § 922(g)(3) to be synonyms; rather, Mr. Grover urges this court to find that the definition of "unlawful user" should "*closely relate* to that of an 'addict,'" as defined in 21 U.S.C. § 802(1).[14] Mr. Grover does not further elaborate how to define the term "unlawful user" so as to closely relate to the definition of "addict." Instead, Mr. Grover refers this court to a decision by a three-judge panel of the Fifth Circuit in *United States v. Herrera*,[15] which was subsequently vacated by an en banc panel of the court.[16] The decision of the original panel is the only federal decision to expressly reach a definition of "unlawful user." After analyzing the text, structure, and legislative history of § 922(g)(3), as well as the relevant case law, the court held:

> an 'unlawful user' is one who uses narcotics so frequently and in such quantities as to lose the power of self control and thereby pose a danger to the public morals, health, safety, or welfare. In other words, an 'unlawful user' is someone whose use of narcotics *falls just short of addiction*, as that term is defined by the Controlled Substances Act.[17]

Although the original *Herrera* court did not arrive at its conclusion by interpreting the phrase "unlawful user of" to be synonymous with "addicted to" (this was the argument of the dissenting judges on the en banc panel that subsequently vacated the decision of the three-judge panel [18]), the end result is essentially the same. The panel did not define the meaning of use that "falls just short of addiction." Thus, in asking this court to adopt the definition announced by the original *Herrera* panel, Mr. Grover is asking this court to equate the definition of "unlawful user," as used in 18 U.S.C. § 922(g)(3), with the definition of "addict" in 21 U.S.C. § 802(1). For the reasons stated above, this court declines to equate the definition of "unlawful user," as used in § 922(g)(3), with the definition of "addict" in 21 U.S.C. § 802(1). Furthermore, this court expresses serious doubt that any precedential weight may be accorded to the original panel decision in *Herrera*. Although the en banc majority did not expressly reverse the original panel's holding, it decided whether the defendant was an "unlawful user" only by asking whether "drug use [occurred] with regularity and over an extended period of time." The majority never discussed the definition reached by the original panel, which roughly equated the definition of an "unlawful user" with that of an "addict," requiring the additional element of loss of self-control.[19]

In sum, the phrase "unlawful user of or addicted to any controlled substance," as used in 18 U.S.C. § 922(g)(3), may be in-

---

14. Memorandum in Support of Motion for Pre-trial Ruling on Definition of "Unlawful User" at 2 (emphasis added).

15. 289 F.3d 311 (5th Cir.2002), *vacated by* 313 F.3d 882 (5th Cir.2002) (en banc).

16. *Id.*

17. *Id.* at 323–24 (emphasis added).

18. *See supra* note 6, and surrounding text.

19. *Herrera,* 313 F.3d at 885 (en banc).

terpreted as either joining separately definable or synonymous terms. The Tenth Circuit in *Bennett* clearly ruled that the phrase is written disjunctively, meaning that the phrases "unlawful user of" and "addicted to" have separate meanings, and are therefore not synonymous. This conclusion is consistent with the common, everyday meaning of the terms—a person may be a user of controlled substances without being addicted to them, and conversely, a person may be addicted to controlled substances even when no longer a user of them.

 Although *Bennett* did not expressly define the phrase "unlawful user of," it did explain that the defendant's "regular and ongoing use of marijuana and methamphetamine during the same time period as his firearm possession qualifies him as an 'unlawful user of . . . a[ ] controlled substance' . . . ."[20] Consistent with the Ninth Circuit's decision in *United States v. Purdy*,[21] *Bennett* impliedly defined three elements for qualification as an unlawful user of a controlled substance: (1) regular use of any controlled substance (or, in the words of *Purdy*, "[use of] drugs with regularity"[22]); (2) on an ongoing basis (or, in the words of *Purdy*, "over an extended period of time"[23]); and (3) during the same time period as (or, in the words of *Purdy*, "contemporaneously with"[24]) the possession of a firearm. Combining language from both *Bennett* and *Purdy*, this court holds that an unlawful user of any controlled substance, for purposes of 18 U.S.C. § 922(g)(3), is an individual who regularly and unlawfully uses any con-

trolled substance over an extended period of time that is contemporaneous with the possession of a firearm. The jury will be so instructed in this case.

IT IS SO ORDERED

---

20. *Bennett,* 329 F.3d at 778.

21. 264 F.3d 809, 812 (9th Cir.2001).

