**UNITED STATES Of America,
Plaintiff—Appellee,**

v.

**Robert C. LARSON, Defendant—
Appellant.**

No. 04–30454.

United States Court of Appeals,
Ninth Circuit.

Submitted July 14, 2005.[*]

Decided July 27, 2005.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

James E. Seykora, Esq., USBI—Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

Lynn T. Hamilton, Esq., Hamilton Law Office, PC, Mesa, AZ, for Defendant–Appellant.

Before: TASHIMA, PAEZ, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Robert C. Larson appeals his convictions of conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, possession with intent to distribute over 50 grams of methamphetamine to a person under 21 years of age, in violation of 21 U.S.C. §§ 841(a)(1) and 849, and possession of firearms by an unlawful user of a controlled substance, in violation of 18 U.S.C. § 922(g)(9). He argues that under Federal Rule of Criminal Procedure 29, he is entitled to a judgment of acquittal on each count. We review Larson's properly-preserved challenge to his conspiracy con-

viction de novo, *See United States v. Carranza,* 289 F.3d 634, 641 (9th Cir.2002), and his remaining claims, which were not renewed at the close of all evidence, "only for plain error to prevent a miscarriage of justice." *United States v. Winslow,* 962 F.2d 845, 850 (9th Cir.1992).[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the convictions on each count.

■ Viewing the evidence in the light most favorable to the prosecution, it is clear that a rational juror could have found beyond a reasonable doubt: "(1) an agreement to accomplish an illegal objective, and (2) the intent to commit the underlying offense" of conspiracy to possess with intent to distribute methamphetamine. *United States v. Herrera–Gonzales,* 263 F.3d 1092, 1095 (9th Cir.2001); *see also Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The government presented extensive evidence at trial to establish far more than a mere buyer-seller relationship among Larson and his suppliers of methamphetamine. *See United States v. Montgomery,* 150 F.3d 983, 1002 (9th Cir.1998) ("In *United States v. Delgado* ..., we explained that certain conduct 'may be sufficient to indicate the existence of more than a buyer-seller relationship ... including: arranging contacts and meetings ... and transacti[ng] in large quantities with regularity.' ") (quoting 4 F.3d 780, 791 (9th Cir. 1993) (Hall, J., concurring)); *cf. United States v. Lennick,* 18 F.3d 814, 819 (9th Cir.1994). The evidence of conspiracy under 21 U.S.C. §§ 841(a)(1) and 846 was more than sufficient here, and a judgment of acquittal was not warranted.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the facts, we reference them here only as they are necessary to explain our decision.

Larson next claims that he could not be convicted of distributing a controlled substance to a person under age 21 when the under–21 "victim" was himself prosecuted as a co-conspirator. This unsupported assertion is contradicted by the plain text of the statute itself, which subjects "any person at least eighteen years of age who ... distribut[es] a controlled substance to a person under twenty-one years of age" to harsher penalties, without reference to any requisite "victim" or "protected class." 21 U.S.C. § 859(a)(1). Even an 18–year–old defendant could therefore be prosecuted for distributing a controlled substance to another person under 21 years. These increased penalties were intended "to deter criminals from including minors as participants in their illegitimate activities," *United States v. Curry*, 902 F.2d 912, 915 (11th Cir.1990); that deterrence function does not hinge upon the culpability of the under–21 recipient. The government presented evidence to prove each element of this offense under 21 U.S.C. §§ 841(a)(1) and 849.

Finally, the government presented sufficient evidence to prove the essential elements of possession of firearms by an unlawful user of a controlled substance under 18 U.S.C. § 922(g)(3): that Larson "took drugs with regularity, over an extended period of time, and contemporaneously with his purchase or possession of a firearm." *United States v. Purdy*, 264 F.3d 809, 812–13 (9th Cir.2001). Officers testified to finding significant amounts of drugs and drug paraphernalia in Larson's truck, in his home, and on his person; witnesses testified to seeing Larson use drugs nearly every time they saw him; and Larson himself testified that he smoked marijuana every couple of weeks. The evidence was more than sufficient to support a conviction under 18 U.S.C. § 922(g)(3).

The judgment of the district court is therefore AFFIRMED.