UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4713

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROBERT SHAYNE MARSH,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Irene M. Keeley, Chief District Judge.  (1:06-cr-00004-IMK)

Submitted:  March 14, 2007          Decided:  May 9, 2007

Before MICHAEL, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Brian J. Kornbrath, Federal Public Defender, Clarksburg, West Virginia, for Appellant.  Sharon L. Potter, United States Attorney, Shawn Angus Morgan, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Shayne Marsh appeals his conviction for possession of a firearm by an unlawful user of a controlled substance, in violation of 18 U.S.C. § 922(g)(3) (2000). Marsh's lone contention on appeal is that the Government failed to provide sufficient evidence demonstrating that his drug use was consistent through a period of time proximate to his possession of the firearms. Marsh asserts that there was no evidence presented that dealt with Marsh's drug use from 2004 until the night of his arrest and that this significant gap in time prevents any finding of consistent or prolonged use. Finding no error, we affirm.

A defendant challenging the sufficiency of the evidence "bears a heavy burden." United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). "The verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). This court "ha[s] defined 'substantial evidence,' in the context of a criminal action, as that evidence which 'a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" United States v. Newsome, 322 F.3d 328, 333 (4th Cir. 2003) (quoting United States v. Burgos, 94 F.3d 849, 862-63 (4th Cir. 1996) (en banc)). In evaluating the sufficiency of the evidence, this court does not review the credibility of the

- 2 -

witnesses and assumes that the jury resolved all contradictions in the testimony in favor of the government. United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998). The court reviews both direct and circumstantial evidence and permits "the government the benefit of all reasonable inferences from the facts proven to those sought to be established." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).

Pursuant to 18 U.S.C. § 922(g)(3), it is illegal for any person who is an unlawful user of any controlled substance to possess a firearm. To sustain a conviction under § 922(g)(3), the Government must prove that the defendant possessed a firearm and that his drug use was sufficiently consistent, prolonged, and close in time to the gun possession to put him on notice that he qualified as an unlawful user of drugs under the statute. United States v. Purdy, 264 F.3d 809, 812 (9th Cir. 2001) (recognizing that infrequent drug use or frequent use in the distant past does not qualify under the statute). This court has noted that the term "unlawful user" is not defined under § 922(g) and that "the exact reach of the statute is not easy to define." United States v. Jackson, 280 F.3d 403, 406 (4th Cir. 2002).

While Marsh claims that his drug habit was not proven to be consistent or prolonged, the evidence presented in this case demonstrated that Marsh's drug use was neither infrequent nor in the distant past. During a search of Marsh's home in March 2005,

police found bags of marijuana as well as various items used for smoking marijuana. Marsh admitted that he had smoked marijuana for the past few years, and the marijuana found during his January 2006 arrest further affirms that he was a consistent user. Additionally, Marsh occasionally used cocaine, as evidenced by his own admissions to federal agents and by Larry Dixon's testimony. Marsh also attributed his behavior at the time of his arrest to his ingestion of methamphetamine, which he had originally believed to be cocaine. When viewing the evidence as a cumulative whole and in the light most favorable to the Government, there is substantial evidence demonstrating that Marsh's drug use was consistent, prolonged, and close in time to his gun possession. Therefore, we hold that there was sufficient evidence to support Marsh's conviction for possession of a firearm by an unlawful user of a controlled substance.

Accordingly, we affirm Marsh's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED