**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

No. 06-4934

———————

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

HAROLD ROBERT RATTLER,

                              Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Bryson City.  Lacy H. Thornburg, District Judge.  (2:05-cr-00036)

———————

Submitted:  July 13, 2007          Decided:  August 15, 2007

———————

Before MOTZ, KING, and SHEDD, Circuit Judges.

———————

Affirmed and remanded by unpublished per curiam opinion.

———————

John C. Hunter, THE JOHN C. HUNTER LAW FIRM, P.L.L.C., Asheville, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina; Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This case arises out of a domestic violence incident between Harold Rattler and his girlfriend, Marlena Toineeta. Rattler was charged with assault with a dangerous weapon, 18 U.S.C. §§ 113(a), 1153 (2000) (count one); using and carrying a firearm during a crime of violence, 18 U.S.C. §§ 924(c)(1)(A)(ii), 2 (2000) (count two); possession of a firearm by an unlawful user of a controlled substance, 18 U.S.C. § 922(g)(3) (2000) (count three); and possession of an unregistered firearm, 26 U.S.C. § 5861(d) (2000) (count four).[1] The jury found Rattler guilty of counts three and four, but was unable to reach a verdict with respect to counts one and two.

In the Presentence Report (PSR), to calculate Rattler's base offense level, the probation officer cross-referenced to the offense level calculations for aggravated assault under the United States Sentencing Guidelines Manual ("USSG") § 2A2.2(a) (2005) to arrive at an offense level of 14. The offense level was adjusted upward because the assault involved the use of a dangerous weapon, and because the victim sustained serious injuries. USSG §§ 2A2.2(b)(2); 2A2.2(b)(3)(B). Based on a resulting offense level of 23 and a criminal history category of IV, Rattler's Guidelines range was 70 to 87 months of imprisonment. Rattler objected to the

_____

[1]As discussed more fully herein, the indictment described the provisions of 26 U.S.C. § 5861(d), but erroneously cited subsection (b).

PSR on the ground that the application of the cross-reference violated his Sixth Amendment rights. The district court denied the objection, concluding that the cross-reference was applicable based on its finding that Rattler assaulted the victim, using a deadly weapon and resulting in serious injury. The court imposed a sentence of 87 months' imprisonment.

On appeal, Rattler contends that the evidence was insufficient to support his convictions and that the court should have granted his motions for judgment of acquittal. We review de novo the district court's decision to deny a Rule 29 motion. United States v. Uzenski, 434 F.3d 690, 700 (4th Cir. 2006). Where, as here, the motion was based on a claim of insufficient evidence, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). We review both direct and circumstantial evidence and permit the "[G]overnment the benefit of all reasonable inferences from the facts proven to those sought to be established." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).

Ratter first claims there was no evidence he used drugs "close in time" to the possession of weapons or that his drug use was prolonged or consistent for purposes of the § 922(g)(3) conviction (count three). He also argues that no evidence connected the drugs found in his home to him. Contrary to these

arguments, the evidence presented at trial would allow a reasonable fact finder to conclude that Rattler's drug use was neither infrequent nor in the distant past. See United States v. Purdy, 264 F.3d 809, 812 (9th Cir. 2001). Marijuana was found in four locations in his home, including a bag in the freezer and remnants of marijuana cigarettes in three locations. Toineeta's testimony at trial and her statements prior to trial support the inference that Rattler regularly consumed drugs. Viewed in the light most favorable to the Government, the evidence was sufficient to sustain Rattler's conviction on count three.

Rattler next argues that the evidence was insufficient to support his conviction under 26 U.S.C. § 5861(b) (count four).[2] Although the indictment and judgment cite subsection (b), the jury instructions, the evidence, and the description of the offense contained in both the indictment and the judgment refer to subsection (d), which prohibits the possession of a firearm that is not properly registered. Rattler contends that his conviction should be reversed based on this error; however he did not raise this issue below. We conclude that this apparent scrivener's error is not grounds for reversal. The indictment informed Rattler that he was charged with possession of an unregistered firearm, specifically a weapon made from a shotgun having an overall length

---

[2]Subsection (b) prohibits receipt or possession of a firearm "transferred to him in violation of the provisions of this chapter."

of less than 26 inches, as modified.  In addition, the evidence presented by the Government related to the elements of the offense of possession of an unregistered firearm, and the jury instructions correctly cited the text and the elements of § 5861(d).  Absent evidence that Rattler was prejudiced or misled, reversal is not warranted.  See Fed. R. Crim. P. 7(c)(3) (errors in indictments are not grounds for dismissal "[u]nless the defendant was misled and thereby prejudiced").  To correct the error in the judgment, however, we remand to the district court for the purpose of entering a corrected judgment pursuant to Fed. R. Crim. P. 36. This correction, of course, will have no effect on Rattler's term of imprisonment, or term of supervised release, nor will it restart the limitations period for filing a motion under 28 U.S.C. § 2255 (2000).

Finally, Rattler contends that his sentence is unlawful because, in cross referencing to aggravated assault, the district court made findings that increased his sentence beyond what it would be based only on facts found by the jury.  However, this general argument was rejected in United States v. Booker, 543 U.S. 220 (2005).  Booker did "not in the end move any decision from judge to jury, or change the burden of persuasion."  United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005), cert. denied, 127 S. Ct. 121 (2006).  In sentencing defendants after Booker, district courts continue to make findings necessary for

- 5 -

enhancement, applying a preponderance of the evidence standard, while taking into account that the resulting Guidelines range is advisory only.  Id.  The sentencing court is authorized to make factual findings in order to determine appropriately the defendant's advisory range under the guidelines.  See United States v. Davenport, 445 F.3d 366, 370 (4th Cir. 2006).  The district court did not err in making the factual finding necessary for the application of the assault cross-reference.

Accordingly, we affirm Rattler's convictions and sentence but remand to the district court for correction of the statutory citation in the judgment.  Because Rattler is represented by counsel, we deny his motion to file a pro se brief and motion for an extension of the time to do so.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED AND REMANDED