# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 2, 2008

Charles R. Fulbruge III
Clerk

No. 07-50489
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

KENDRICK DONELL PARETT

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:06-CR-194-ALL

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Kendrick Donell Parett appeals his convictions, following a jury trial, for being a felon in possession of a firearm and possession of a firearm by a person who is an unlawful user of, or addicted to, a controlled substance. Parett maintains the evidence was insufficient to support his convictions.

As he did in moving for a judgment of acquittal at trial, Parett asserts the Government failed to prove the "possession" of the firearm element of the two offenses beyond a reasonable doubt because it relied on his statement, which was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

contradicted by the testimony of Calicutt, who was also present when the firearm was discovered. The denial of a motion for judgment of acquittal is reviewed de novo. E.g., United States v. Clayton, 506 F.3d 405, 412 (5th Cir. 2007). In determining the sufficiency of the evidence, our court must review the evidence and the inferences arising from it in the light most favorable to the verdict and determine whether a rational jury could find the defendant guilty beyond a reasonable doubt. Id.

To prove the felon-in-possession charge, the Government had to establish: Parett had previously been convicted of a felony; he had possession of a firearm; and the firearm in question had traveled in, or affected, interstate commerce. 18 U.S.C. § 922(g)(1); United States v. Daugherty, 264 F.3d 513, 515 (5th Cir. 2001). The parties stipulated: Parett has a prior felony conviction; and the firearm discovered in his apartment traveled in interstate commerce. The video recording of Parett's statements reflects he admitted he had accepted possession of the gun and placed it underneath his sofa. The jury evidently did not find credible Calicutt's testimony that he had placed the gun under the sofa cushion and Parett had no knowledge of the gun's presence. Our court must give credence to "all reasonable inferences and credibility choices made in support of the verdict". United States v. Ortega Reyna, 148 F.3d 540, 543 (5th Cir. 1998) (internal quotation marks and citations omitted).

Viewing the evidence as a whole and the credibility findings in the light most favorable to the verdict, a rational jury could have reasonably concluded the evidence established, beyond a reasonable doubt, Parett was a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

Regarding the second charge, in addition to contesting the "possession" element, Parett asserts the evidence was insufficient to show he was a person who was addicted to, or using, a controlled substance while possessing the firearm, in violation of 18 U.S.C. § 922(g)(3). (In his one sentence concerning this issue, he does not raise the over-an-extended-period-of-time element.) In

moving for a judgment of acquittal, however, Parett's counsel did not raise this issue and, thus, waived it. See United States v. Partida, 385 F.3d 546, 561 & n.13 (5th Cir. 2004). Therefore, our review of this new issue is limited to whether there was a manifest miscarriage of justice – whether "the record is devoid of evidence pointing to guilt". United States v. Herrera, 313 F.3d 882, 885 (5th Cir. 2002) (internal quotation marks and citations omitted). To convict Parett under 18 U.S.C. § 922(g)(3), the Government was required to prove, inter alia, Parett took drugs with regularity, over an extended period of time, and contemporaneously with his possession of a firearm. United States v. McCowan, 469 F.3d 386, 392 n.7 (5th Cir. 2006) (citing United States v. Purdy, 264 F.3d 809, 812-13 (9th Cir. 2001)). (As noted, he does not challenge the extended-period element.)

Parett was convicted of possession of marijuana in February 2004. He admitted he had been smoking marijuana on the day of the search producing the firearm, and there were remnants of burned marijuana cigarettes found in an ashtray in the living room and in the trash can in the kitchen. Thus, the Government produced evidence that Parett was a regular user of marijuana and was using it contemporaneously with his possession of the firearm. Accordingly, the record was not devoid of evidence of his guilt of this charge.

AFFIRMED.