**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4217**

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

        v.

JAMIL M. MASHORE,

                Defendant – Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.   Robert E. Payne, Senior
District Judge.   (3:08-cr-00334-REP-1)

Submitted:  September 9, 2009        Decided:  October 9, 2009

Before NIEMEYER, SHEDD, and AGEE, Circuit Judges.

Affirmed and remanded by unpublished per curiam opinion.

Angela D. Whitley, LAW OFFICES OF BOONE, BEALE, Richmond,
Virginia, for Appellant.   Dana J. Boente, United States
Attorney, Michael A. Jagels, Special Assistant United States
Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a bench trial, Jamil Mashore was convicted of possessing a firearm as an unlawful drug user, in violation of 18 U.S.C. § 922(g)(3) (2006) and sentenced to twenty-one months' imprisonment. On appeal, Mashore argues that the district court erred in denying his motion to suppress because Officer William McAuliffe was not credible on the facts surrounding Mashore's traffic stop. Also, Mashore argues that the district court erred in admitting his uncorroborated statements to establish that he was an unlawful drug user and in concluding that the Government had established a pattern of drug use sufficient to satisfy the definition of unlawful drug user. Finding no reversible error, we affirm Mashore's conviction and sentence, but remand for correction of a clerical error in the judgment.

On appeal from a district court's denial of a motion to suppress, the district court's factual findings are reviewed for clear error and the legal determinations are reviewed de novo. See United States v. Buckner, 473 F.3d 551, 553 (4th Cir. 2007). Under a clear error standard of review, this court will reverse only if "left with the definite and firm conviction that a mistake has been committed." United States v. Stevenson, 396 F.3d 538, 542 (4th Cir. 2005) (quoting Anderson v. Bessemer City, 470 U.S. 564, 573 (1985)). It is well-settled that this

2

court will give particular deference to a district court's credibility determinations for "it is the role of the district court to observe witnesses and weigh their credibility during a pre-trial motion to suppress." United States v. Abu Ali, 528 F.3d 210, 232 (4th Cir. 2008) (quoting United States v. Murray, 65 F.3d 1161, 1169 (4th Cir. 1995)), cert. denied, 129 S. Ct. 1312 (2009). Finally, where, as here, the district court denies a motion to suppress, this court reviews the evidence in the light most favorable to the Government. United States v. Uzenski, 434 F.3d 690, 704 (4th Cir. 2006).

Mashore's argument that the district court erred in denying his motion to suppress turns solely on McAuliffe's credibility. Although Mashore questions McAuliffe's testimony regarding the basis for the traffic stop, the district court determined that McAuliffe's testimony regarding Mashore's speeding was credible and that McAuliffe, therefore, had reasonable suspicion to stop Mashore. We have reviewed the record and conclude that the district court did not clearly err in crediting McAuliffe's testimony regarding Mashore's speeding. Accordingly, the district court did not err in denying Mashore's motion to suppress.

Mashore also argues that the district court erred in finding him guilty based on his uncorroborated confession regarding marijuana use. Courts require corroboration to

3

prevent confessions to crimes never committed and "convictions based upon untrue confessions alone." Warszower v. United States, 312 U.S. 342, 347 (1941). Evidence corroborative of a defendant's admissions need not prove the offense beyond a reasonable doubt or by a preponderance, as long as there is substantial independent evidence that the offense has been committed, and the evidence as a whole proves beyond a reasonable doubt that the defendant is guilty. Smith v. United States, 348 U.S. 147, 156 (1954). "Independent evidence adequately corroborates a confession if it supports the essential facts admitted sufficiently to justify a jury inference of their truth[.]" Abu Ali, 528 F.3d at 235 (quoting Opper v. United States, 348 U.S. 84, 93 (1954)) (internal quotations omitted). Here, Mashore's confession of marijuana use was corroborated by the strong odor of marijuana that McAuliffe observed while standing outside Mashore's vehicle. This evidence was sufficient to justify an inference by the fact-finder that Mashore's confession about his marijuana use was true.

Finally, Mashore argues that the Government failed to establish beyond a reasonable doubt the requisite pattern, duration, continuity and recency of drug use to establish that Mashore qualified as an "unlawful user" of drugs. According to 18 U.S.C. § 922(g)(3), it is unlawful for any person who is an

4

unlawful user or addicted to any controlled substance to possess a firearm. 18 U.S.C. § 922(g)(3). To sustain a conviction under § 922(g)(3), the Government must establish that Mashore's drug use was sufficiently consistent, prolonged, and close in time to his gun possession to put him on notice that he qualified as an unlawful user of drugs under the statute. United States v. Purdy, 264 F.3d 809, 812 (9th Cir. 2001). Again, we have reviewed the record and determine that the evidence presented here, viewed in the light most favorable to the Government, established a pattern and duration sufficient to place Mashore on notice that he was an unlawful user of drugs within the meaning of § 922(g)(3).

Accordingly, we affirm Mashore's conviction and sentence. However, we remand the case to the district court for correction of a clerical error in the criminal judgment. See Fed. R. Crim. P. 36. The judgment erroneously indicates that Mashore pled guilty to the offense of conviction. This error does not affect the validity of Mashore's conviction or sentence. We dispense with oral argument as the facts and legal contentions of the parties are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED AND REMANDED