MEMORANDUM **
Appellant Wendi Leigh Harris (Harris) challenges her conviction and sentence for *205 falsely representing herself as a federal agent and detaining two individuals in violation of 18 U.S.C. § 913.
1. The indictment was sufficient, because it provided ample notice of the charges against Harris and did not allege a non-existent offense. See United States v. Awad, 551 F.3d 930, 936-37 (9th Cir.2009) (“[T]he question is not whether the indictment could have been framed in a more satisfactory manner, but whether it meets minimum constitutional standards.”) (citation omitted).
2. The district court properly denied Harris’ proffered instruction defining the term “detention,” as it was unsupported by the law and the evidence adduced at trial. See United States v. Johnson, 459 F.3d 990, 992 (9th Cir.2006) (“A criminal defendant is entitled to a proposed jury instruction only if it is supported by law and has some foundation in evidence.”) (citation and internal quotation marks omitted).
3. There was sufficient evidence supporting Harris’ conviction, because “viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime [of false impersonation of a federal agent and detaining two individuals] beyond a reasonable doubt.” United States v. Reed, 575 F.3d 900, 923 (9th Cir.2009) (citation omitted) (emphasis in the original).
4. 18 U.S.C. § 913 was not unconstitutionally vague as applied to Hai*ris, because the evidence demonstrated that Harris falsely represented herself as a federal agent and detained two victims. See United States v. Purdy, 264 F.3d 809, 811 (9th Cir.2001) (“Where, as here, a statute is challenged as unconstitutionally vague in a cause of action not involving the First Amendment, we do not consider whether the statute is unconstitutional on its face. Instead, our concern is whether the statute is impermissibly vague in the circumstances of this case.”) (citations, alteration, and internal quotation marks omitted) (emphasis in the original).
5. The imposed sentence was reasonable. The district court extensively considered the relevant factors pursuant to 18 U.S.C. § 3553(a) and the record supported the sentence. See United States v. Garro, 517 F.3d 1163, 1171-72 (9th Cir.2008).
6. The district court properly enhanced Harris’ sentence pursuant to U.S.S.G. § 2J1.4(b)(1), because Harris impersonated a federal agent for the purpose of detaining her victims. See U.S.S.G. § 2J1.4(b)(1); see also United States v. Romero, 293 F.3d 1120, 1124 (9th Cir.2002) (explaining the enhancement).
7. The district court did not err in denying Harris’ request for an acceptance of responsibility sentence adjustment, because she contested the factual allegations made by the government. See United States v. Schales, 546 F.3d 965, 976 (9th Cir.2008); see also United States v. Weiland, 420 F.3d 1062, 1080 (9th Cir.2005) (noting the rarity of a reduction when the defendant goes to trial).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.