**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50311 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-01048-PA-1 |
| v. | |
| SYED QAISAR MADAD, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted December 11, 2014[**]
Pasadena, California

Before: SILVERMAN, BEA, and CHRISTEN, Circuit Judges.

Syed Madad appeals the sentence imposed following his convictions for

wire fraud under 18 U.S.C. § 1343 and tax fraud under 26 U.S.C. § 7206(1). We

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1

have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

1.       Madad argues the district court should not have applied a two-level "sophisticated means" enhancement under U.S. Sentencing Guideline § 2B1.1(b)(10)(C).   The commentary to Guideline § 2B1.1 explains that "'sophisticated means' means especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense."  U.S.S.G. § 2B1.1, cmt. 9(B).  Madad generated detailed, fabricated account statements and reports for several years; invented a non-existent IRS investigation to buy time to satisfy an investor's withdrawal request; and when other investors became concerned, produced more fake documents purporting to show that their money was safe in an account with UBS.  Madad's scheme was sufficiently complex to support applying the sophisticated means enhancement.  *See, e.g.*, *United States v. Tanke*, 743 F.3d 1296, 1307 (9th Cir. 2014) (affirming enhancement where defendant attempted to cover up embezzlement by falsifying invoices and other records to make payments appear legitimate); *United States v. Horob*, 735 F.3d 866, 872 (9th Cir. 2013) (affirming enhancement where defendant secured loans using cattle he did not own and covered up scheme by manipulating people to lie

_____

[1]       The parties are familiar with the facts, so we will not recount them here.

2

for him, transferring funds between accounts, and fabricating numerous documents).

2.    Madad also argues the Guideline should be read to apply only to telemarketing or similar schemes.  We disagree.  In the Telemarketing Fraud Prevention Act of 1998, Congress directed the Commission to "provide an additional appropriate sentencing enhancement if the offense involves sophisticated means, including but not limited to, sophisticated concealment efforts such as perpetrating the offense from outside the United States."  Pub. L. No. 105-184, § 6(c)(2),112 Stat. 520 (1998).  But the Sentencing Commission has considerable discretion to adopt guidelines for federal offenses as long as they are not inconsistent with congressional directives.  *United States v LaBonte*, 520 U.S. 751, 757 (1997).  The sophisticated means enhancement is not at odds with any Congressional directive.

3.    Finally, Madad argues Guideline § 2B1.1(b)(10)(C) is unconstitutionally vague.  Unless the First Amendment is implicated, we examine vagueness under the circumstances of the case.  *United States v. Purdy*, 264 F.3d 809, 811 (9th Cir. 2001).  Because Madad's scheme clearly qualifies as "sophisticated means" under Guideline § 2B1.1(b)(10)(C), the Guideline provided sufficient notice that his

conduct could result in a sentencing enhancement. Guideline § 2B1.1(b)(10)(C) is

not vague as applied to Madad's case.

**AFFIRMED.**