**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 09-5158**

─────────────

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

DAVID CHARLES SPERLING,

             Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  James A. Beaty, Jr.,
Chief District Judge.  (1:08-cr-00419-JAB-1)

─────────────

Argued:  September 22, 2010        Decided:  November 9, 2010

─────────────

Before NIEMEYER and DUNCAN, Circuit Judges, and Robert J.
CONRAD, Jr., Chief United States District Judge for the Western
District of North Carolina, sitting by designation.

─────────────

Reversed and remanded by unpublished opinion.  Judge Duncan
wrote the opinion, in which Judge Niemeyer and Judge Conrad
joined.

─────────────

**ARGUED:** David Bernard Smith, Greensboro, North Carolina, for
Appellant.  Terry Michael Meinecke, OFFICE OF THE UNITED STATES
ATTORNEY, Greensboro, North Carolina, for Appellee.  **ON BRIEF:**
Anna Mills Wagoner, United States Attorney, Greensboro, North
Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

DUNCAN, Circuit Judge:

This appeal arises from a conviction on one count of possession of a firearm by a person who is an unlawful user of or addicted to a controlled substance, 18 U.S.C. § 922(g)(3). Appellant David Sperling challenges the district court's denial of his motion for acquittal, claiming there was insufficient evidence to support the jury's verdict. For the reasons that follow, we reverse the judgment of the district court and vacate Sperling's conviction.

I.

On October 16, 2008, a police officer observed Sperling driving fifteen miles below the speed limit while drifting in and out of his lane on Interstate 85, near Thomasville, North Carolina.[1] The officer stopped Sperling's vehicle, approached it, and noticed an assault rifle behind the passenger seat. The officer asked Sperling if there were any more firearms in the vehicle, and Sperling replied that there was a 9 millimeter pistol in the glovebox. After obtaining Sperling's consent to search the vehicle, the officer recovered both the assault rifle and the pistol, as well as several loaded magazines of

---

[1] Since Sperling appeals from a jury's guilty verdict, "we recite the facts in the light most favorable to the government." United States v. Kelly, 510 F.3d 433, 435 n.1 (4th Cir. 2007).

ammunition. He then arrested Sperling for carrying a concealed weapon. Sperling did not appear impaired at the time of his arrest, and the record does not reflect that the arresting officer detected any odors of controlled substances in his vehicle.

The officer took Sperling to the Thomasville police department. After receiving Miranda warnings and stating that he was prepared to answer questions, Sperling was interviewed for about four-and-a-half hours by four state and federal law enforcement officers. During this interview, Sperling confirmed that he owned the weapons and ammunition that had been found in his vehicle. In response to initial queries from the officers, Sperling also reported that he had once had a drug problem but had not used drugs for many years. Upon further questioning, Sperling altered his story, admitting to the officers that he had used both marijuana and cocaine within a couple months of his arrest. Sperling also acknowledged at some point that he had tried to stop using drugs but "continued to use them on and off." J.A. 132.

While Sperling was in police custody, his vehicle was towed to an impound lot. Shortly after the vehicle reached the lot, a certified police K-9 handler conducted a canine search of the vehicle. The police dog alerted at three different sites on the vehicle's exterior. Once allowed inside the vehicle, the dog

3

alerted "very aggressively" at the center console. J.A. 63. The officer searched the vehicle's interior but did not find any controlled substances.

In October 2008, a grand jury indicted Sperling in a one-count indictment alleging a violation of 18 U.S.C. § 922(g)(3).[2] A jury trial began on January 12, 2009. During the two-day trial, the government presented testimony and other evidence regarding Sperling's arrest and statements, as well as the canine search of defendant's vehicle. The federal agent who advised Sperling of his Miranda rights testified that he found no criminal or medical record of Sperling's drug use or evidence of drug addiction. Another federal agent testified that he had spoken to Sperling's parents, who confirmed that Sperling had undergone drug treatment as a teenager.

At the close of the government's evidence, Sperling moved for acquittal on the charge against him for want of sufficient evidence, pursuant to Federal Rule of Criminal Procedure 29. He argued that the government had failed to offer any evidence, other than his uncorroborated statements, to show that his drug use had been "consistent [and] prolonged or . . . close to the time of the [firearm] possession." J.A. 169. The government

---

[2] Section 922(g) provides, in pertinent part, that "[i]t shall be unlawful for any person . . . (3) who is an unlawful user of or addicted to any controlled substance . . . to . . . possess . . . any firearm."

4

countered by asserting that Sperling's incriminating statements reflected a consistent pattern of drug use, which was corroborated by the canine alert. The district court denied Sperling's motion.

On January 13, 2009, the jury rendered a guilty verdict. Sperling renewed his Rule 29 motion, which was again denied. On October 20, 2009, the district court denied a third motion to acquit and sentenced Sperling to fifteen months' imprisonment and two years of supervised release. This appeal followed.

II.

On appeal, Sperling's sole argument is that the district court erred by denying his Rule 29 motions, because the evidence against him was insufficient. As a defendant challenging the sufficiency of the evidence, Sperling bears a heavy burden. United States v. Young, 609 F.3d 348, 355 (4th Cir. 2010). We must affirm his conviction if we find it to be supported by substantial evidence, that is, "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. Put otherwise, we must assess "whether, 'viewing the evidence and the reasonable inferences to be drawn therefrom in the light most favorable to the [g]overnment, . . . the evidence adduced at trial could support any rational

5

determination of guilty beyond a reasonable doubt.'" Id. (quoting United States v. Burgos, 94 F.3d 849, 863 (4th Cir. 1996) (en banc)).

Section 922(g)(3) criminalizes the possession of a firearm by a person "who is an unlawful user of or addicted to any controlled substance." To sustain a conviction, the government must prove that the defendant's drug use was "sufficiently consistent, 'prolonged,' and close in time to his gun possession to put him on notice that he qualified as an unlawful user" under the terms of the statute. United States v. Purdy, 264 F.3d 809, 812 (9th Cir. 2001).[3] The government contends that the jury's determination that the government had carried its burden was "supported by substantial and significant evidence, including, but not limited to, the defendant's various admissions to the investigating law enforcement officers." Appellee's Br. at 8. We disagree.

"'[I]t is a settled principle of the administration of criminal justice in the federal courts that a conviction must

---

[3] We have previously recognized § 922(g)(3)'s ambiguity with regard to how close in time a defendant's drug use must be to the defendant's firearm possession in order to constitute a violation. See United States v. Jackson, 280 F.3d 403, 406 (4th Cir. 2002) ("[T]he exact reach of [§ 922(g)(3)] is not easy to define. . . ."). Here, neither party disputes the district court's instructions on the timing of Sperling's drug use. We therefore apply the framework articulated by the district court, which reflects the Ninth Circuit's persuasive conclusion in Purdy.

6

rest upon firmer ground than the uncorroborated admission or confession of the accused' made after commission of a crime." United States v. Abu Ali, 528 F.3d 210, 234 (4th Cir. 2008) (quoting Wong Sun v. United States, 371 U.S. 471, 488-89 (1963)). Although corroborative evidence need not "prove the offense beyond a reasonable doubt, or even by a preponderance," it must "support[] the essential facts admitted sufficiently to justify a jury inference of their truth." Id. at 235; see also United States v. Stephens, 482 F.3d 669, 672 (4th Cir. 2007). A verdict may rely on an admission or confession, but only if "there is substantial independent evidence that the offense has been committed, and the evidence as a whole proves beyond a reasonable doubt that [the] defendant is guilty." Abu Ali, 528 F.3d at 235 (alteration in original) (quoting Smith v. United States, 348 U.S. 147, 156 (1954)). Thus, the question before us is not, as the government would have it, whether there was sufficient evidence to convict "including" Sperling's admissions, but whether there was sufficient independent evidence to corroborate those admissions. We conclude that there was not.

The government identifies only two pieces of potentially corroborative evidence: Sperling's parents' statements regarding his teenage drug use and the canine alerts. Neither one provided independent evidence that Sperling was an unlawful

7

drug user within the meaning of § 922(g)(3).[4] The former shows only that Sperling--who was twenty-nine when he was arrested--had used controlled substances a decade or more before the charged offense. Indeed, the agent who spoke with Sperling's parents explicitly testified that he was unable to corroborate any more recent drug use.

The government's reliance on the police dog is similarly unavailing. At most, the canine's alerts corroborate the presence of drugs in Sperling's car at some point prior to his arrest. But even if a canine alert that did not result in the discovery of a controlled substance could corroborate a defendant's confession of drug possession--and the government has offered no caselaw that suggests it could--the police dog's response is quite irrelevant to the issue of drug use.

The government has cited no other independent evidence to corroborate Sperling's confession. We therefore hold that there was insufficient evidence supporting Sperling's conviction and vacate the conviction and sentence.

---

[4] At oral argument, the government claimed for the first time that the evidence was sufficient to support a jury's conclusion that Sperling was a drug addict. As the argument was not raised in the government's opening brief, we find it waived. United States v. Jones, 308 F.3d 425, 427 n.1 (4th Cir. 2002). In any event, the government's claim is unsupported by the record.

III.

For the foregoing reasons we reverse the district court's denial of Sperling's motion for acquittal, vacate his conviction and sentence, and remand for further proceedings consistent with this opinion.

<u>REVERSED AND REMANDED</u>