**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-4359

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ONEIL WAYNE SOUTH,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Thomas S. Kleeh, Chief District Judge.  (1:19-cr-00043-TSK-MJA-1)

Submitted:  July 26, 2022                              Decided:  August 18, 2022

Before WYNN and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed and remanded by unpublished per curiam opinion.

**ON BRIEF:** Hilary L. Godwin, Assistant Federal Public Defender, Katy J. Cimino, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Clarksburg, West Virginia, for Appellant.  William J. Powell, United States Attorney, Andrew R. Cogar, Assistant United States Attorney, Danae Demasi-Lemon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Oneil Wayne South appeals his conviction following a jury trial for possession of a firearm as an unlawful user of a controlled substance in violation of 18 U.S.C. §§ 922(g)(3), 924(a)(2). On appeal, South argues that the district court erred (1) in denying his motion to suppress evidence recovered during an investigative stop, (2) in its instruction to the jury with respect to the elements of the offense, and (3) in denying his motion for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29 based on insufficiency of the evidence. We affirm but remand for correction of a clerical error in the judgment.

First, South asserts that the district court erroneously denied his motion to suppress evidence recovered during an investigative stop. Specifically, South argues that Fairmont City Police Officers Buck and Moran lacked the requisite reasonable suspicion of criminal activity to justify their investigatory detention and search of South following reports of suspicious behavior made to police by a caller who identified herself and provided her address.

"When reviewing a district court's ruling on a motion to suppress, we review factual findings for clear error and legal determinations de novo," construing "the evidence in the light most favorable to the prevailing party." *United States v. Lull*, 824 F.3d 109, 114-15 (4th Cir. 2016) (internal quotation marks omitted). Consistent with the Fourth Amendment, "[a]n officer may stop and briefly detain a person when the officer has reasonable, articulable suspicion that the person has been, is, or is about to be engaged in criminal activity." *United States v. Montieth*, 662 F.3d 660, 665 (4th Cir. 2011) (internal quotation marks omitted). To justify such an investigative stop, "the police officer must

2

be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *Terry v. Ohio*, 392 U.S. 1, 21 (1968). "Thus, a court must look to the totality of the circumstances in determining whether the officer had a particularized and objective basis for suspecting criminal activity." *United States v. Foster*, 634 F.3d 243, 246 (4th Cir. 2011).

"The degree to which the police may rely on a tip to establish reasonable suspicion depends on the tipster's veracity, reliability, and basis of knowledge." *United States v. Kehoe*, 893 F.3d 232, 238 (4th Cir. 2018). "We generally presume that a citizen-informant or a victim who discloses his or her identity and basis of knowledge to the police is both reliable and credible." *Id.* Whether a location is a known high-crime area and the lateness of the hour are also "permissible factors that can contribute to a finding of reasonable suspicion in the totality-of-the-circumstances analysis." *United States v. Slocumb*, 804 F.3d 677, 682 (4th Cir. 2015).

We conclude, based on our assessment of the totality of the circumstances, that Moran and Buck had reasonable suspicion to conduct the investigatory stop. First, the officers were entitled to rely on information provided to the police dispatcher in two phone calls from a credible individual who gave police her name and address and reported suspicious activity at her location; further, the caller's basis of knowledge was reliable and her tip was generally corroborated. Moreover, although not dispositive, the officers' suspicion was bolstered by the facts that the investigative detention occurred in a high-crime area, known for drug activity, between 3:26 and 4:20 a.m. The tipster observed activity that in Moran's experience was indicative of drug use; and Moran personally

3

observed South walking away from a vehicle when Moran responded to the scene and South initially refused to stop after Moran asked him to do so. Accordingly, we conclude that the district court did not err by denying South's motion to suppress.

South next contends that the district court erred in instructing the jury with respect to the elements of the offense. Section 922(g)(3) prohibits the possession of a firearm by a person "who is an unlawful user of" a controlled substance. Scott argues that the court erroneously instructed the jury regarding the definition of an "unlawful user" because it did not require the Government to prove that South used drugs "with regularity" and "over an extended period of time," in addition to using drugs contemporaneously with the firearm possession.

We review for abuse of discretion a district court's "decision to give (or not to give) a jury instruction and the content of an instruction." *United States v. Savage*, 885 F.3d 212, 222 (4th Cir. 2018) (internal quotation marks omitted). "When jury instructions are challenged on appeal, the key issue is whether, taken as a whole, the instruction fairly states the controlling law." *Id.* at 222-23 (internal quotation marks omitted). Even if the court's instructions were erroneous, however, "we will not set aside a resulting verdict unless the erroneous instruction *seriously* prejudiced the challenging party's case." *United States v. Miltier*, 882 F.3d 81, 89 (4th Cir. 2018) (emphasis in original).

We conclude that, here, even assuming an instructional error occurred, it did not prejudice South's case. There was ample evidence to support the conclusion that South used drugs contemporaneously with the offense—the evidence established that officers discovered a crack pipe and baggies containing crack and powder cocaine in South's

4

pockets when he was arrested, and South admitted to officers that he occasionally used crack cocaine. The evidence also demonstrated that South had been using drugs at least intermittently for an extended period—the Government presented evidence that, during an encounter with South two-and-a-half years before the instant offense, police discovered crack cocaine and drug paraphernalia on his person. Thus, even had the district court given South's preferred instruction, the Government produced sufficient evidence to show his prolonged drug use.

Finally, South asserts that the district court erred in denying his Rule 29 motion based on the sufficiency of the evidence. We review de novo a district court's decision to deny a Rule 29 motion for a judgment of acquittal. *United States v. Smith*, 451 F.3d 209, 216 (4th Cir. 2006). "Denial of such a motion is proper where, viewed in the light most favorable to the prosecution, substantial evidence supports a guilty verdict." *United States v. Ath*, 951 F.3d 179, 185 (4th Cir. 2020) (internal quotation marks omitted). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support . . . a defendant's guilt beyond a reasonable doubt." *Savage*, 885 F.3d at 219 (internal quotation marks omitted). A defendant challenging the sufficiency of the evidence "bears a heavy burden, as appellate reversal on grounds of insufficient evidence is confined to cases where the prosecution's failure is clear." *Id.* (internal quotation marks omitted).

South contends, as he did below, that the evidence did not sufficiently establish either that he was an "unlawful user" of a controlled substance when he possessed the firearm or that he was aware of his prohibited status at the time of the possession. In a

5

prosecution under § 922(g), "the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019). "'To sustain a conviction under Section 922(g)(3), the [G]overnment must prove that the defendant's drug use was sufficiently consistent, prolonged, and close in time to his gun possession to put him on notice that he qualified as an unlawful user under the terms of the statute.'" *United States v. Hasson*, 26 F.4th 610, 615-16 (4th Cir. 2022) (internal brackets omitted) (quoting *United States v. Sperling*, 400 F. App'x 765, 767 (4th Cir. 2010) (No. 09-5158)). We have previously recognized that the term "unlawful user" is not defined by § 922(g)(3) and that "the exact reach of the statute is not easy to define." *United States v. Jackson*, 280 F.3d 403, 406 (4th Cir. 2002).

Here, South had a crack pipe and plastic baggies containing both crack and powder cocaine in his pockets when he was arrested for the firearm offense. Moreover, at that time, South admitted to officers that he occasionally used crack cocaine. The Government presented evidence that South had possessed both drug paraphernalia and crack cocaine multiple times, and that, in an incident that occurred more than two years prior to the instant firearm offense, he admitted to officers that the substance in his possession was crack cocaine. We conclude that, viewing the evidence as a cumulative whole and in the light most favorable to the Government, there is substantial evidence that South's drug use was consistent, prolonged, and close enough in time to his gun possession to show that he was an "unlawful user" of a controlled substance for purposes of § 922(g)(3) and to put him on

notice that he qualified as an unlawful user of drugs under the statute. Therefore, the district court did not err by denying South's motion for a judgment of acquittal.

Finally, we note that the criminal judgment contains a clerical error. In addition to the § 922(g)(3) offense, South was indicted for reckless flight from a law enforcement officer, in violation of 18 U.S.C. §§ 13(a), 7(3), and W. Va. Code § 61-5-17(f) ("Count Two"). In February 2020, South pleaded guilty to Count Two without a plea agreement, and the case proceeded to a jury trial only on the § 922(g)(3) offense. However, the judgment incorrectly states that South pleaded guilty to both counts.

Accordingly, although we affirm the criminal judgment, we remand the case so that the district court may amend the judgment to reflect that South pleaded guilty only to Count Two and that he was found guilty on the firearm offense after a plea of not guilty. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED AND REMANDED*